■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAROLYN FOOTMAN, Appellant.—Judgment of the Supreme Court, Bronx County (William Martin, J.), rendered December 5, 1988, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree and sentencing defendant to concurrent, indeterminate terms of imprisonment of 1 to 3 years, unanimously affirmed.

Defendant's conviction rests on the testimony of two police witnesses. The undercover officer testified that when he asked for "blow", defendant led him to the back of an abandoned building. There she placed the $10 in prerecorded "buy" money in a basket which had been lowered from the second

floor, which was raised up and returned with a glassine envelope of heroin. The arresting officer testified that he seized defendant after receiving a communication with a detailed description from the undercover officer. The defense at trial was that the police had manufactured the case. Defendant testified that she was arbitrarily arrested.

We find that the weight of the evidence supports defendant's conviction. The verdict rests on a determination of credibility that we find no reason to disturb. *(People v Contes,* 60 NY2d 620.)

Defendant's general objections at trial did not preserve her claims that the prosecutor vouched for her witnesses and unfairly argued that the police had no motive to lie. Were we to reach these claims, we would find them without merit. The summation argument as to the officers' lack of motive to lie was responsive to the defense argument that the entire case was manufactured, as was the argument that the officers had told the truth. *(People v Moran,* 154 AD2d 322.)

Defendant's remaining contention that the court's charge was deficient is unpreserved. Concur—Murphy, P. J., Kupferman, Milonas, Rosenberger and Ellerin, JJ.